# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724 |
| IN RE: FLUOCINONIDE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-FL-27240<br>DIRECT CASE: 16-FL-27241 |
| *ALL FLUOCINONIDE DIRECT PURCHASER ACTIONS* | JURY TRIAL DEMANDED |

AHOLD USA, INC.; CÉSAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,

                      Plaintiffs,

v.

ACTAVIS HOLDCO U.S., INC.; TARO PHARMACEUTICALS USA, INC.; and TEVA PHARMACEUTICALS USA, INC.,

                      Defendants.

## DEFENDANT ACTAVIS HOLDCO U.S., INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED
## DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Actavis Holdco U.S., Inc. ("Actavis"), by and through its counsel, hereby

submits its Answer and Affirmative Defenses to the Consolidated Direct Purchaser Class Action

Complaint ("Complaint").  Actavis is responding to the allegations in the Complaint that are

directed toward Actavis.  Except as otherwise stated below, all allegations in the Complaint

directed toward Actavis are expressly denied.  Except as otherwise stated below, Actavis is

without knowledge or information sufficient to form a belief concerning the truth of the allegations in the Complaint that are directed toward other Defendants and, therefore, Actavis denies same.

## SPECIFIC RESPONSES

1.      Paragraph 1 contains no allegations, and requires no response from Actavis.  To the extent a response to Paragraph 1 is required, Actavis denies the allegations, except admits only that Plaintiffs brought a Class Action Complaint that purports to be on behalf of a class of direct purchasers who purportedly purchased some form of Fluocinonide from Defendants.

2.      Actavis denies the allegations contained in Paragraph 2 that are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and, therefore, Actavis denies same.

3.      Actavis denies the allegations contained in Paragraph 3 that are directed toward it, except admits only that Plaintiffs brought a civil action seeking treble damages against Defendants for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and, therefore, Actavis denies same.

4.      Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, Actavis denies same.

5.      Actavis admits the allegations in Paragraph 5.

6.      Actavis admits only that Fluocinonide has been available in the United States since at least the late 1980s.  Actavis denies the remaining allegations in Paragraph 6.

7.      Paragraph 7 purports to quote from a portion of a publication by the United States Government Accountability Office, the contents of which speaks for itself.  Actavis denies the remaining allegations contained in Paragraph 7.

8.     Actavis denies all allegations contained in Paragraph 8 directed toward it, except admits only that Allergan plc received a DOJ subpoena and that the DOJ and State AGs are conducting an investigation related to the generic pharmaceutical industry.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and, therefore, Actavis denies same.

9.     Paragraph 9 purports to summarize a letter and a press release by the National Community Pharmacists Association, the contents of which speak for themselves.  Actavis denies all remaining allegations contained in Paragraph 9 directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, therefore, Actavis denies same.

10.     Paragraph 10 purports to summarize charging documents filed by DOJ against Jeffrey Glazer and Jason Malek, the contents of which speak for themselves.  Actavis denies all remaining allegations contained in Paragraph 10 directed toward it.  Actavis lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, therefore, Actavis denies same.

11.     Paragraph 11 contains no allegations, and requires no response from Actavis. Paragraph 11 purports to summarize and quote from DOJ's motion to stay discovery in MDL 2724, as well as from DOJ's motion filed in the United States District Court for the Southern District of New York when this action was pending before Judge Pauley, the contents of which speak for itself.  To the extent a response is required, Actavis lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, therefore, Actavis denies same.

12.      The first three sentences of Paragraph 12 contain no allegations, and requires no response from Actavis.  The fourth sentence of Paragraph 12 purports to quote from an online article, the contents of which speak for itself.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 12 and, therefore, Actavis denies same.

13.      Paragraph 13 purports to quote from a Pfizer, Inc. SEC filing, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 13 and, therefore, Actavis denies same.

14.      Actavis denies the allegations contained in Paragraph 14 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, Actavis denies same.

15.      Paragraph 15 contains a legal conclusion to which no response is required and is therefore denied.

16.      Paragraph 16 contains a legal conclusion to which no response is required and is therefore denied.

17.      Paragraph 17 contains a legal conclusion to which no response is required and is therefore denied.

18.      Paragraph 18 contains a legal conclusion to which no response is required and is therefore denied.

19.      Paragraph 19 contains a legal conclusion to which no response is required and is therefore denied.

20.     Actavis denies the allegations contained in Paragraph 20 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, therefore, Actavis denies same.

21.     Actavis denies the allegations contained in Paragraph 21 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, therefore, Actavis denies same.

22.     Actavis denies the allegations contained in Paragraph 22 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, therefore, Actavis denies same.

23.     Actavis denies the allegations contained in Paragraph 23 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and, therefore, Actavis denies same.

24.     Actavis denies the allegations contained in Paragraph 24 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and, therefore, Actavis denies same.

25.     Actavis admits that Actavis Holdco U.S., Inc. was a Delaware corporation with its principal place of business in Parsippany, New Jersey.  Actavis admits that in August 2016, Teva Pharmaceuticals U.S., Inc. acquired Allergan plc's generics business.  Actavis denies all remaining allegations contained in Paragraph 25 that are directed toward it, except admits only that it sold certain forms of Fluocinonide.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, therefore, Actavis denies same.

26.     The allegations contained in Paragraph 26 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, Actavis denies same.

27.     The allegations contained in Paragraph 27 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, Actavis denies same.

28.     Actavis denies the allegations contained in Paragraph 28 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, Actavis denies same.

29.     Actavis denies the allegations contained in Paragraph 29 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 and, therefore, Actavis denies same.

30.     Actavis denies the allegations contained in Paragraph 30 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 and, therefore, Actavis denies same.

31.     Actavis denies the allegations contained in Paragraph 31 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 and, therefore, Actavis denies same.

32.     Actavis denies the allegations contained in Paragraph 32 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 and, therefore, Actavis denies same.

33.     Actavis denies the allegations contained in Paragraph 33 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 and, therefore, Actavis denies same.

34.     Actavis denies the allegations contained in Paragraph 34 that are directed toward it, except admits only that it produced and sold certain forms of Fluocinonide.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 and, therefore, Actavis denies same.

35.     Actavis denies the allegations contained in Paragraph 35 that are directed toward it, except admits only that it produced certain forms of Fluocinonide.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and, therefore, Actavis denies same.

36.     Paragraph 36 consists of legal conclusions to which no response is required.  To the extent a response is required, Actavis denies the allegations contained in Paragraph 36 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 and, therefore, Actavis denies same.

37.     Paragraph 37 consists of legal conclusions to which no response is required.  To the extent a response is required, Actavis denies the allegations contained in Paragraph 37 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 and, therefore, Actavis denies same.

38.     Paragraph 38 consists of legal conclusions to which no response is required.  To the extent a response is required, Actavis denies the allegations contained in Paragraph 38 that

are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and, therefore, Actavis denies same.

39.     Paragraph 39 consists of legal conclusions to which no response is required. To the extent a response is required, Actavis denies the allegations contained in Paragraph 39 that are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 and, therefore, Actavis denies same.

40.     Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is required, Actavis denies the allegations contained in Paragraph 40 that are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and, therefore, Actavis denies same.

41.     The last two sentences of Paragraph 41 consist of legal conclusions to which no response is required. To the extent a response is required, Actavis denies the allegations contained in the last two sentences of Paragraph 41. Actavis denies the remaining allegations contained in Paragraph 41.

42.     Paragraph 42 consists of legal conclusions to which no response is required. To the extent a response is required, Actavis denies the allegations contained in Paragraph 42.

43.     Paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is required, Actavis denies the allegations contained in Paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, Actavis denies same.

45.     Actavis denies the allegations contained in Paragraph 45 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 and, therefore, Actavis denies same.

46.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, Actavis denies same.

47.     Paragraph 47 purports to quote from a Federal Trade Commission study, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and, therefore, Actavis denies same.

48.     To the extent Paragraph 48 purports to set forth the contents of the study cited in Footnote 12, Actavis refers to the cited study, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 and, therefore, Actavis denies same.

49.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, Actavis denies same.

50.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, Actavis denies same, except admits only that Actavis reported a WAC for its drugs.

51.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, Actavis denies same.

52.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, Actavis denies same.

53.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, Actavis denies same.

54.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, Actavis denies same.

55.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, Actavis denies same.

56.     Actavis denies the allegations contained in Paragraph 56 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and, therefore, Actavis denies same.

57.     Actavis denies the allegations contained in Paragraph 57 that are directed toward it, except admits only that Plaintiffs purport to rely on IMS data to report certain revenues figures, which speaks for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 and, therefore, Actavis denies same.

58.     Actavis denies the allegations contained in Paragraph 58 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, Actavis denies same.

59.     Actavis denies the allegations contained in Paragraph 59 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and, therefore, Actavis denies same.

60.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, Actavis denies same, except admits only that Plaintiffs purport to rely on IMS data, which speaks for itself.

61.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, Actavis denies same, except admits only that Plaintiffs purport to rely on IMS data to report certain revenues figures, which speaks for itself.

62.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 in part because the term "effective price" is undefined and ambiguous.  Actavis otherwise denies all allegations contained in Paragraph 62.

63.     Actavis denies the allegations contained in Paragraph 63 that are directed toward it, except admits only that Plaintiffs purport to rely on IMS data, which speaks for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 and, therefore, Actavis denies same.

64.     Actavis denies the allegations contained in Paragraph 64.

65.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, Actavis denies same, except admits only that Plaintiffs purport to rely on IMS data to report certain revenue figures, which speaks for itself.  Actavis otherwise denies all allegations contained in Paragraph 65.

66.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 in part because the term "effective price" is undefined and ambiguous, except admits only that Plaintiffs purport to rely on IMS data to report

certain revenue figures, which speaks for itself.  Actavis otherwise denies all allegations contained in Paragraph 66.

67.     The allegations contained in Paragraph 67 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, Actavis denies same.

68.     The allegations contained in Paragraph 68 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, Actavis denies same.

69.     The allegations contained in Paragraph 69 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, Actavis denies same.

70.     The allegations contained in Paragraph 70 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, Actavis denies same.

71.     The allegations contained in Paragraph 71 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, Actavis denies same.

72.     The allegations contained in Paragraph 72 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, Actavis denies same.

73.     The allegations contained in Paragraph 73 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, Actavis denies same.

74.     The allegations contained in Paragraph 74 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, Actavis denies same.

75.     To the extent Plaintiffs' allegations in Paragraph 75 purports to rely on "NADAC" price data, Actavis refers to that data, which speaks for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and, therefore, Actavis denies same.

76.     Actavis denies the allegations contained in Paragraph 76 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76 and, therefore, Actavis denies same.

77.     Actavis denies the allegations contained in Paragraph 77 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 and, therefore, Actavis denies same.

78. Paragraph 78 consists of legal conclusions to which no response is required. Paragraph 78 purports to summarize the ASHP's website, the contents of which speak for itself. To the extent a response is required, Actavis denies the allegations contained in Paragraph 78 that are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 and, therefore, Actavis denies same.

79. Actavis denies the allegations contained in Paragraph 79 that are directed toward it, except admits only that Plaintiffs purport to rely on IMS data, which speaks for itself. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 and, therefore, Actavis denies same.

80. Actavis denies the allegations contained in Paragraph 80 that are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 and, therefore, Actavis denies same.

81. Actavis denies the allegations contained in Paragraph 81 that are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and, therefore, Actavis denies same.

82. Actavis denies the allegations contained in Paragraph 82 that are directed toward it, including all subparts. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82 and, therefore, Actavis denies same, including as to all subparts.

83. Actavis denies the allegations contained in Paragraph 83 that are directed toward it. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 and, therefore, Actavis denies same.

84.     Actavis denies the allegations contained in Paragraph 84 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 and, therefore, Actavis denies same.

85.     The first sentence of Paragraph 85 purports to summarize a *FiercePharma* article, the contents of which speak for itself.  The second sentence of Paragraph 85 purports to quote from a press release on the website of the Connecticut Attorney General, the contents of which speak for itself.  Actavis denies the allegations contained in Paragraph 85 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 and, therefore, Actavis denies same.

86.     Actavis denies the allegations contained in Paragraph 86 that are directed toward it, except admits only that it was a member of certain trade associations, and attended certain industry events hosted by MMCAP and ECRM.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 and, therefore, Actavis denies same.

87.     Paragraph 87 purports to quote from an archived version of GPhA's website, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 and, therefore, Actavis denies same.

88.     Paragraph 88 purports to quote from an archived version of GPhA's website, the contents of which speak for itself.  Actavis lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 and, therefore, Actavis denies same.

89.     Paragraph 89 purports to quote from an archived version of GPhA's website, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, Actavis denies same, except admits that during certain periods of time, Actavis was a GPhA member.

90.     Actavis admits only that certain of its executives served as members of GPhA's Board of Directors.  The remaining allegations contained in Paragraph 90 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90 and, therefore, Actavis denies same.

91.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, Actavis denies same.

92.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, Actavis denies same.

93.     Paragraph 93 purports to quote from HDMA's website, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, Actavis denies same, except admits that during certain periods of time, Actavis was an HDMA member.

94.     Paragraph 94 purports to quote from MMCAP's website, the contents of which speak for itself.  Actavis lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 and, therefore, Actavis denies same.

95.     Paragraph 95 purports to quote from MMCAP's Charter, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, Actavis denies same.

96.     Actavis admits only that certain former Actavis employees attended certain MMCAP meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 and, therefore, Actavis denies same.

97.     Paragraph 97 purports to summarize ECRM's website, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97 and, therefore, Actavis denies same.

98.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, Actavis denies same.

99.     Actavis admits only that certain former Actavis employees attended certain ECRM meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 and, therefore, Actavis denies same.

100.    Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, Actavis denies same.

101.    Actavis admits only that certain former Actavis employees attended certain GPhA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and, therefore, Actavis denies same.

102.    Actavis admits only that certain former Actavis employees attended certain GPhA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 and, therefore, Actavis denies same.

103.    Actavis admits only that certain former Actavis employees attended certain NACDS meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 and, therefore, Actavis denies same.

104.     Actavis admits only that certain former Actavis employees attended certain HDMA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 and, therefore, Actavis denies same.

105.     Actavis admits only that certain former Actavis employees attended certain GPhA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and, therefore, Actavis denies same.

106.     Actavis admits only that certain former Actavis employees attended certain NACDS meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 106 and, therefore, Actavis denies same.

107.     Actavis admits only that certain former Actavis employees attended certain GPhA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107 and, therefore, Actavis denies same.

108.     Actavis admits only that certain former Actavis employees attended certain NACDS meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 and, therefore, Actavis denies same.

109.     Actavis admits only that certain former Actavis employees attended certain GPhA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 109 and, therefore, Actavis denies same.

110.     Actavis admits only that certain former Actavis employees attended certain ECRM meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 110 and, therefore, Actavis denies same.

111. Actavis admits only that certain former Actavis employees attended certain HDMA meetings. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 and, therefore, Actavis denies same.

112. Actavis admits only that certain former Actavis employees attended certain NACDS meetings. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 and, therefore, Actavis denies same.

113. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, Actavis denies same.

114. Actavis admits only that certain former Actavis employees attended certain MMCAP meetings. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 114 and, therefore, Actavis denies same.

115. Actavis admits only that certain former Actavis employees attended certain HDMA meetings. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 115 and, therefore, Actavis denies same.

116. Actavis admits only that certain former Actavis employees attended certain GPhA meetings. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 and, therefore, Actavis denies same.

117.    Actavis admits only that certain former Actavis employees attended certain NACDS meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 and, therefore, Actavis denies same.

118.    Actavis admits only that certain former Actavis employees attended certain HDMA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 118 and, therefore, Actavis denies same.

119.    Actavis admits only that certain former Actavis employees attended certain GPhA meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 and, therefore, Actavis denies same.

120.    Actavis admits only that certain former Actavis employees attended certain NACDS meetings.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 120 and, therefore, Actavis denies same.

121.    Actavis admits only that certain former Actavis employees attended certain trade association meetings, conferences and events.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 and, therefore, Actavis denies same.

122.    Actavis denies the allegations contained in Paragraph 122 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122 and, therefore, Actavis denies same.

123.   Actavis denies the allegations contained in Paragraph 123 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123 and, therefore, Actavis denies same.

124.   Actavis denies the allegations contained in Paragraph 124 directed towards it, except admits only that Actavis was headquartered in New Jersey.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124 and, therefore, Actavis denies same.

125.   Actavis denies the allegations contained in Paragraph 125 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 125 and, therefore, Actavis denies same.

126.   Actavis denies the allegations contained in Paragraph 126 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and, therefore, Actavis denies same.

127.   Actavis denies the allegations contained in Paragraph 127 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127 and, therefore, Actavis denies same.

128.   Actavis denies the allegations contained in Paragraph 128 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128 and, therefore, Actavis denies same.

129.   Actavis denies the allegations contained in Paragraph 129 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129 and, therefore, Actavis denies same.

130.     Actavis refers to the transcript of the October 29, 2013 earnings call, which speaks for itself, for a complete reporting of the statements made by Sigurdur Olafsson during that call and Actavis denies the allegations contained in Paragraph 130 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.  Actavis denies the remaining allegations contained in Paragraph 130.

131.     Actavis refers to the transcript of the August 5, 2014 earnings call, which speaks for itself, for a complete reporting of the statements made by David Buchen during that call and Actavis denies the allegations contained in Paragraph 131 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.  Actavis denies the remaining allegations contained in Paragraph 131.

132.     Actavis refers to the transcript of the May 11, 2015 earnings call, which speaks for itself, for a complete reporting of the statements made by Brenton Saunders during that call and Actavis denies the allegations contained in Paragraph 132 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.  Actavis denies the remaining allegations contained in Paragraph 132.

133.     Actavis refers to the transcript of the August 6, 2015 earnings call, which speaks for itself, for a complete reporting of the statements made by Saunders during that call and Actavis denies the allegations contained in Paragraph 133 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.  Actavis denies the remaining allegations contained in Paragraph 133.

134.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 and, therefore, Actavis denies same.

135.    The allegations contained in Paragraph 135 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, Actavis denies same.

136.    The allegations contained in Paragraph 136 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 and, therefore, Actavis denies same.

137.    The allegations contained in Paragraph 137 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and, therefore, Actavis denies same.

138.    The allegations contained in Paragraph 138 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, Actavis denies same.

139.    The allegations contained in Paragraph 139 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, Actavis denies same.

140.    The allegations contained in Paragraph 140 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, Actavis denies same.

141.    The allegations contained in Paragraph 141 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, Actavis denies same.

142.    The allegations contained in Paragraph 142 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, Actavis denies same.

143.    The allegations contained in Paragraph 143 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, Actavis denies same.

144.    The allegations contained in Paragraph 144 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, Actavis denies same.

145.    The allegations contained in Paragraph 145 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, Actavis denies same.

146.     Paragraph 146 purports to quote from a *Wall Street Journal* article, the contents of which speak for itself.  Actavis denies the allegations contained in Paragraph 146 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 and, therefore, Actavis denies same.

147.     Paragraph 147 purports to summarize and quote from a *Bloomberg* article, the contents of which speak for itself.  Actavis denies the allegations contained in Paragraph 147 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 and, therefore, Actavis denies same.

148.     The first sentence of Paragraph 148 purports to quote from a study by David Belk, MD, the contents of which speak for itself.  The second sentence of Paragraph 148 purports to summarize a GAO Report, the contents of which speak for itself.  Actavis denies the allegations contained in Paragraph 148 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 and, therefore, Actavis denies same.

149.     Paragraph 149 purports to summarize and quote from a press release by the Pennsylvania Medical Society, the contents of which speak for itself.  Actavis denies the allegations contained in Paragraph 149 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 149 and, therefore, Actavis denies same.

150.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the statements in the correspondence cited in Paragraph 150 and, therefore, Actavis denies same.  Actavis denies the remaining allegations contained in Paragraph 150.

151.    Actavis admits only that Senator Sanders and Representative Cummings issued a joint press release on or about October 2, 2014 regarding increases in generic prices, and that press release speaks for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151 and, therefore, Actavis denies same.

152.    Actavis admits only that Senator Sanders and Representative Cummings issued a joint press release on or about October 2, 2014 regarding increases in generic prices, and that press release speaks for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152 and, therefore, Actavis denies same.

153.    The first sentence of Paragraph 153 purports to quote from a letter to the OIG of the Department of Health and Human Services from Senator Sanders and Representative Cummings, the contents of which speak for itself.  The second sentence of Paragraph 153 purports to summarize and quote from OIG's response letter to Senator Sanders and Representative Cummings, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, therefore, Actavis denies same.

154.    Paragraph 154 purports to summarize an August 2016 GAO Report, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, therefore, Actavis denies same.

155.    Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, Actavis denies same.

156.     The third sentence of Paragraph 156 purports to summarize an article by *Policy and Regulatory Report*, the contents of which speak for itself.  The fourth sentence of Paragraph 156 purports to quote from an article by *Bloomberg*, the contents of which speak for itself. Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156 and, therefore, Actavis denies same.

157.     Actavis denies the allegations contained in Paragraph 157 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 and, therefore, Actavis denies same.

158.     Actavis admits only that Allergan plc issued the Form 10-K cited in Paragraph 158, which speaks for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 and, therefore, Actavis denies same.

159.     The allegations contained in Paragraph 159 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, Actavis denies same.

160.     The allegations contained in Paragraph 160 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, Actavis denies same.

161.     The allegations contained in Paragraph 161 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Actavis lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, therefore, Actavis denies same.

162.    Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, Actavis denies same.

163.    Paragraph 163 purports to summarize and quote from the DOJ's Antitrust Division Manual, the contents of which speak for itself.  Actavis denies the remaining allegations contained in Paragraph 163.

164.    Actavis denies the allegations contained in Paragraph 164.

165.    Paragraph 165 purports to summarize and quote from the DOJ's website, the contents of which speak for itself.  Actavis denies the remaining allegations contained in Paragraph 165.

166.    Paragraph 166 contains no allegations, and requires no response from Actavis.  To the extent a response is required, Actavis lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 166 and, therefore, Actavis denies same.

167.    Paragraph 167 purports to quote from a transcript from Glazer's and Malek's plea hearing, the contents of which speak for itself.  To the extent the allegations in Paragraph 167 are directed toward Actavis, Actavis denies those allegations.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167 and, therefore, Actavis denies same.

168.    Paragraph 168 purports to summarize and quote from DOJ's motion to stay discovery in MDL 2724, as well as from DOJ's motion filed in the United States District Court for the Southern District of New York and DOJ's brief filed with the United States Judicial Panel

on Multidistrict Litigation, the contents of which speak for itself.  Actavis admits only that the Department of Justice has intervened in MDL 2724 and certain other related civil actions.  The remaining allegations of Paragraph 168 are denied.

169.    Paragraph 169 purports to quote from DOJ's Spring 2017 Division Update, the contents of which speak for itself.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited Update and, therefore, Actavis denies same.

170.    Paragraph 170 purports to quote from an article by *The Connecticut Mirror*, the contents of which speak for itself.  Actavis admits only that various States have filed complaints that are now pending in MDL 2724, and those complaints speak for themselves.  The remaining allegations contained in Paragraph 170 are denied.

171.    Paragraph 171 purports to quote from a press release by the Connecticut Attorney General, the contents of which speak for itself.  The remaining allegations contained in Paragraph 171 are denied.

172.    Paragraph 172 purports to quote from and summarize briefs the State AGs filed with the JPML, the contents of which speak for themselves.  The remaining allegations contained in Paragraph 172 are denied.

173.    Paragraph 173 purports to quote from and summarize an MLex article, the contents of which speak for itself.  Actavis denies the allegations contained in Paragraph 173 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 173 and, therefore, Actavis denies same.

174.     Paragraph 174 purports to quote from a press release by the New York Attorney General, the contents of which speak for itself.  The remainder of the allegations contained in Paragraph 174 are denied.

175.     Actavis lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, Actavis denies same.

176.     Paragraph 176 consists of legal conclusions to which no response is required.  To the extent a response is required, Actavis denies the allegations contained in Paragraph 176.

177.     Actavis denies the allegations contained in Paragraph 177, including all subparts.

178.     Actavis denies the allegations contained in Paragraph 178 that are directed toward it.  Actavis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 178 and, therefore, Actavis denies same.

179.     Paragraph 179 consists of legal conclusions to which no response is required.  To the extent a response is required, Actavis denies the allegations contained in Paragraph 179.

180.     Actavis denies the allegations contained in Paragraph 180.

181.     Actavis denies the allegations contained in Paragraph 181.

182.     Actavis denies the allegations contained in Paragraph 182.

183.     Actavis denies the allegations contained in Paragraph 183.

184.     Actavis denies the allegations contained in Paragraph 184.

185.     Actavis denies the allegations contained in Paragraph 185.

186.     Actavis denies the allegations contained in Paragraph 186.

187.     Actavis denies the allegations contained in Paragraph 187.

188.     Actavis denies the allegations contained in Paragraph 188.

189.     Actavis denies the allegations contained in Paragraph 189.

190.    Actavis denies the allegations contained in Paragraph 190.

191.    Actavis denies the allegations contained in Paragraph 191.

192.    Actavis incorporates by reference the preceding paragraphs of this Answer in response to the allegations in Paragraph 192.

193.    Actavis denies the allegations contained in Paragraph 193.

194.    Actavis denies the allegations contained in Paragraph 194.

195.    Actavis denies the allegations contained in Paragraph 195.

196.    Actavis denies the allegations contained in Paragraph 196, including all subparts.

197.    Actavis denies the allegations contained in Paragraph 197.

198.    Actavis denies the allegations contained in Paragraph 198.

199.    Actavis denies the allegations contained in Paragraph 199.

200.    Actavis denies the allegations contained in Paragraph 200.

To the extent any answer may be required to the "WHEREFORE" clause in Plaintiffs' Prayer for Relief, Actavis denies any and all allegations contained in the "WHEREFORE" clause and denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

Actavis hereby demands a trial by jury on all issues that may be tried and decided by jury.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Actavis asserts the following separate and additional defenses:

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class lack Article III and statutory standing to assert their claims.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part, because Plaintiffs have not suffered any antitrust or other injury or damage as a result of any conduct alleged in this lawsuit.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too remote and speculative and because of the impossibility of proof as to those damages.

## SEVENTH DEFENSE

To the extent Plaintiffs' claims would result in Actavis paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed Actavis by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fifth and Fourteenth Amendments.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Actavis had no control, which constitute intervening or superseding causes of harm.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## TENTH DEFENSE

Actavis adopts by reference any additional, applicable defense pleaded by any other Defendant in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Actavis denies that it is liable to Plaintiffs for any amount and prays as follows:

1.     That the Court dismiss the Complaint against Actavis with prejudice;

2.     That the Court enter judgment in favor of Actavis;

3.     That the Court award Actavis its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and

4.     That the Court grant Actavis such other and/or further relief as it may deem just and proper.

Dated:  March 15, 2019                        Respectfully submitted,

By: */s/ Sheron Korpus*
Sheron Korpus
Seth A. Moskowitz
Seth B. Davis
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com
smoskowitz@kasowitz.com
sdavis@kasowitz.com

*Counsel for Defendant*
*Actavis Holdco U.S., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 15th day of March, 2019, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/  Sheron Korpus*
Sheron Korpus
