# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| IN RE:  FLUOCINONIDE CASES<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL FLUOCINONIDE DIRECT PURCHASER ACTIONS* | HON. CYNTHIA M. RUFE<br><br>LEAD CASE:  16-FL-27240<br>DIRECT CASE:  16-FL-27241<br><br>JURY TRIAL DEMANDED |
| AHOLD USA, INC.; CÉSAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>ACTAVIS HOLDCO U.S., INC.; TARO PHARMACEUTICALS USA, INC.; and TEVA PHARMACEUTICALS USA, INC.,<br><br>               Defendants. | |

## TARO PHARMACEUTICALS U.S.A., INC.'S ANSWER TO THE FLUOCINONIDE CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Taro Pharmaceuticals U.S.A., Inc. ("Taro") hereby responds to the allegations in Ahold USA, Inc., Cesar Castillo, Inc., FWK Holdings, LLC, KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc.'s ("Plaintiffs") Direct Purchaser Class Action Complaint and Demand for Jury Trial (the "Complaint"). The headings and sub-headings in Plaintiffs' Complaint require no response. However, to the extent a response is required, Taro denies all allegations in the headings and sub-headings in Plaintiffs' Complaint.

## I.   INTRODUCTION

1.      Taro admits that the Plaintiffs purport to bring this action as a class action but denies that there is any basis to do so. Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1, and, on that basis, denies those allegations.

2.      The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 2 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that pricing for generic drugs must be considered on a case-by-case basis. On that basis, Taro lacks knowledge or information to admit or deny the allegations in the first sentence of Paragraph 2, and denies those allegations. Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

3.      The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 3 that relate

to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

4.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4, and, on that basis, denies those allegations.

5.    Taro admits that Fluocinonide is a corticosteroid indicated to treat a variety of skin conditions. Taro is without sufficient knowledge or information to admit or deny the remaining allegations, and, on that basis, denies those allegations.

6.    The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Taro admits that it distributes Fluocinonide, but denies the remaining allegations that relate to Taro and denies that Taro engaged in any wrongful conduct. Taro is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

7.    Taro states that the referenced sources speak for themselves. The remaining allegations in Paragraph 7 and footnotes 1 and 2 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 7 and footnotes 1 and 2 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

8.     Taro states that the referenced sources speak for themselves.  Taro admits that on September 8, 2016, Taro Pharmaceuticals U.S.A., Inc. received a grand jury subpoena from the Antitrust Division of the DOJ. The remaining allegations in Paragraph 8 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 8 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

9.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 9 and footnote 3 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 9 and footnote 3 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

10.     Taro admits that the Department of Justice filed Complaints in the U.S. District Court for the Eastern District of Pennsylvania and states that those Complaints speak for themselves.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 10 and, on that basis, denies those allegations.

11.     Taro admits that the Department of Justice made filings in the U.S. District Court for the Eastern District of Pennsylvania and the U.S. District Court for the Southern District of New York, and states that the filings speak for themselves.  Taro further states that the allegations

contained in Paragraph 11 and footnotes 4 and 5 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  Taro further states that it lacks knowledge or information sufficient to admit or deny the allegations as to any other entity, such as other entities named in the cited Complaint.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 11 and footnotes 4 and 5, and, on that basis, denies those allegations.

12.     Taro admits that the attorneys general of certain states filed a Complaint in the U.S. District Court for the District of Connecticut against certain generic pharmaceutical drug manufacturers, and states that the Complaint speaks for itself.  Taro states that the referenced sources speak for themselves.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations and, on that basis, denies those allegations.

13.     Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 14 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

15.     Taro admits that Plaintiffs purport to be direct purchasers and purport to bring claims under Section 1 of the Sherman Act.  The remaining allegations in Paragraph 15 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies

the remaining allegations in Paragraph 15, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.

## II.    JURISDICTION AND VENUE

16.     Taro admits that Plaintiffs purport to bring this action under Section 4 of the Clayton Act and for violations of Section 1 of the Sherman Antitrust Act, and that this Court has jurisdiction over this action.  The remaining allegations in Paragraph 16 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 16, denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro.

17.     Taro admits that venue is proper in this district for this action only.  The remaining allegations in Paragraph 17 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations.

18.     Taro admits that it distributes Fluocinonide.   The remaining allegations in Paragraph 18 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 18 that relate to Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

19.     Taro admits that this Court has jurisdiction over this action.   The remaining allegations in Paragraph 19 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 19, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

### III.    PARTIES

20.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 20 and, on that basis, denies those allegations.

21.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 21 and, on that basis, denies those allegations.

22.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 22 and, on that basis, denies those allegations.

23.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 23 and, on that basis, denies those allegations.

24.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 24 and, on that basis, denies those allegations.

25.    Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25 and, on that basis, denies those allegations.

26.     Taro admits that it distributes Fluocinonide and that Taro Pharmaceuticals U.S.A., Inc. is a New York corporation with its principal place of business in Hawthorne, New York.  Taro denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 and, on that basis, denies those allegations.

28.     The allegations in Paragraph 28 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 28 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

29.     The allegations in Paragraph 29 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 29 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

30.     The allegations in Paragraph 30 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 30 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

31.     The allegations in Paragraph 31 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 31 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

32.     The allegations in Paragraph 32 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 32 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

33.     The allegations in Paragraph 33 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 33 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

#### IV.     INTERSTATE TRADE AND COMMERCE

34.     Taro admits that it distributes Fluocinonide.  Taro is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34 and, on that basis, denies those allegations.

35.     Taro admits that it distributes Fluocinonide. Taro is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 35 and, on that basis, denies those allegations.

36.     Taro admits that it distributes Fluocinonide. The remaining allegations in Paragraph 36 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 36 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

37.     The allegations in Paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 37 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

38.     The allegations in Paragraph 38 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 38 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

39.     The allegations in Paragraph 39 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 39 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

40.     The allegations in Paragraph 40 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 40 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

## V.     FACTUAL ALLEGATIONS

41.     Taro states that the referenced source speaks for itself.  Taro denies that Paragraph 41 and footnote 9 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41 and footnote 9, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

42.     Taro states that the pertinent statutes and regulations speak for themselves.  Taro denies the characterization of these statutes and regulations.   The remaining allegations in

Paragraph 42 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

43.     Taro states that the pertinent statutes and regulations speak for themselves.  Taro denies the characterization of these statutes and regulations.   The remaining allegations in Paragraph 43 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

44.     Taro states that the pertinent statutes and regulations speak for themselves.  Taro denies the characterization of these statutes and regulations.   The remaining allegations in Paragraph 44 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 44 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

45.     Taro states that the laws, regulations, legislative history, and "economic literature" described in Paragraph 45 speak for themselves.  The remaining allegations in Paragraph 45 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 45 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis,

Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 45, and denies those allegations.

46.     The allegations in Paragraph 46 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 46 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 46, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

47.     Taro states that the referenced sources speaks for themselves.  The allegations in Paragraph 47 and footnotes 10 and 11 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 47 and footnotes 10 and 11 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47 and footnotes 10 and 11, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

48.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 48 and footnote 12 state legal conclusions to which no response is required.  To the extent a

response is required, Taro denies that Paragraph 48 and footnote 12 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.   On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 48 and footnote 12, and denies those allegations.   Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

49.     The allegations in Paragraph 49 state legal conclusions to which no response is required.   To the extent a response is required, Taro denies that Paragraph 49 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.   On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49, and denies those allegations.   Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

50.     The allegations in Paragraph 50 and footnote 13 state legal conclusions to which no response is required.   To the extent a response is required, Taro denies that Paragraph 50 and footnote 13 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the

allegations in Paragraph 50 and footnote 13, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

51.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 51 and footnotes 14 and 15 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 51 and footnotes 14 and 15 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51 and footnotes 14 and 15, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

52.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 52 and footnotes 16, 17, and 18 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 52 and footnotes 16, 17, and 18 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52 and footnotes 16, 17, and 18, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

53.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 53 and footnotes 19 and 20 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 53 and footnotes 19 and 20 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53 and footnotes 19 and 20, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

54.     The allegations in Paragraph 54 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 54 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

55.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 55 and footnotes 21, 22, and 23 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 55 and footnotes 21, 22, and 23 provide a complete and/or accurate description of the aspects of the generic drug industry

purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55 and footnotes 21, 22, and 23, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

56.     The allegations in Paragraph 56 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 56 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

57.     The allegations in Paragraph 57 and footnote 24 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 57 and footnote 24 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57 and footnote 24, and denies those allegations.  Taro further states

that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

58.     The allegations in Paragraph 58 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 58 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

59.     The allegations in Paragraph 59 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 59 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 59, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

60.     The allegations in Paragraph 60 and footnote 25 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 60 and footnote 25 provide a complete and/or accurate description of the aspects of the

generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60 and footnote 25, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

61.     Taro denies the allegations in Paragraph 61 that relate to Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

62.     The allegations in Paragraph 62 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 62 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 62, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

63.     The allegations in Paragraph 63 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 63 provide a complete and/or accurate description of the aspects of the generic drug industry

purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

64.     Taro denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 that relate to any entities other than Taro and, on that basis, denies those allegations.

65.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, Taro denies those allegations.

66.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, Taro denies those allegations.

67.     The allegations in Paragraph 67 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 67 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, and denies those allegations.

68.    The allegations in Paragraph 68 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 68 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68, and denies those allegations.

69.    The allegations in Paragraph 69 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 69 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.

70.    The allegations in Paragraph 70 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 70 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70, and denies those allegations.  Taro further denies that it has engaged

in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.

71.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, Taro denies those allegations.

72.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, Taro denies those allegations.

73.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, Taro denies those allegations.

74.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, Taro denies those allegations.

75.    The allegations in Paragraph 75 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 75 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

76.    The allegations in Paragraph 76 and footnote 26 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in

Paragraph 76 and footnote 26 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76 and footnote 26, and denies those allegations. Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

77.     The allegations in Paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 77 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, and denies those allegations. Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

78.     Taro states that the referenced laws speak for themselves. The allegations in Paragraph 78 and footnote 27 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 78 and footnote 27

provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78 and footnote 27, and denies those allegations. Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

79. The allegations in Paragraph 79 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 79 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 79, and denies those allegations. Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

80. The allegations in Paragraph 80 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by

Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

81.    The allegations in Paragraph 81 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 81 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

82.    The allegations in Paragraph 82 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 82 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information

to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

83.     The allegations in Paragraph 83 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 83 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

84.     The allegations in Paragraph 84 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 84 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

85.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 85 and footnotes 29 and 30 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 85 and footnotes 29 and 30 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

86.     The allegations in Paragraph 86 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 86 that

relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

87.     Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 and footnote 31 and, on that basis, denies those allegations.

88.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and footnote 32 and, on that basis, denies those allegations.

89.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 and footnote 33 and, on that basis, denies those allegations.

90.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies those allegations.

91.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies those allegations.

92.     Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92 and, on that basis, denies those allegations.

93.     Taro states that the referenced source speaks for itself.  Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 and footnote 34 and, on that basis, denies those allegations.

94.     Taro states that referenced source speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies those allegations.

95.     Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies those allegations.

96.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 and, on that basis, denies those allegations.

97.     Taro states that referenced source speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies those allegations.

98.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, denies those allegations.

99.     Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

100.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a

belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

101.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

102.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

103.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

104.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, Taro denies those allegations.

105.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without

sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

106.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

107.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

108.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, Taro denies those allegations.

109.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

110.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without

sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

111.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, Taro denies those allegations.

112.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

113.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, Taro denies those allegations.

114.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 and, on that basis, Taro denies those allegations.

115.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

116.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

117.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

118.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies those allegations.

119.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

120.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 and, on that basis, denies those allegations.

121.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

122.    Taro admits that the attorneys general of certain states filed a Complaint in the U.S. District Court for the District of Connecticut against certain generic pharmaceutical drug manufacturers, and states that the Complaint speaks for itself.  Taro states that the allegations contained in Paragraph 122 and footnote 35 relate to issues that have been raised, but not proven,

in the cited litigation, and, on that basis, denies those allegations.  The remaining allegations in Paragraph 122 and footnote 35 state legal conclusions to which no response is required.  Taro denies the allegations in Paragraph 122 and footnote 35 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

123.     Taro admits that the attorneys general of certain states filed a Complaint in the U.S. District Court for the District of Connecticut against certain generic pharmaceutical drug manufacturers, and states that the Complaint speaks for itself.  Taro states that the allegations contained in Paragraph 123 and footnote 36 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  The remaining allegations in Paragraph 123 and footnote 36 state legal conclusions to which no response is required.  Taro denies the allegations in Paragraph 123 and footnote 36 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

124.     Taro admits that its headquarters are in New York. The remaining allegations in Paragraph 124 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 124 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or

information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

125.    The allegations in Paragraph 125 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 125 that relate to Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

126.    The allegations in Paragraph 126 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 126 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

127.    The allegations in Paragraph 127 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 127 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

128.    The allegations in Paragraph 128 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 128 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for

pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 128, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

129.    The allegations in Paragraph 129 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 129 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 129, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

130.    Taro states that the source referenced speaks for itself. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies those allegations.

131.    Taro states that the source referenced speaks for itself. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, denies those allegations.

132.    Taro states that the source referenced speaks for itself. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies those allegations.

133.    Taro states that the source referenced speaks for itself. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies those allegations.

134.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies those allegations.

135.    Taro admits that Plaintiffs purport to quote from an earnings call held by Taro Pharmaceutical Industries Ltd. on November 10, 2014, but denies that Plaintiffs accurately and/or completely quote from that call.  Taro further states that the earnings call transcript speaks for itself.  Taro Pharmaceuticals U.S.A., Inc. denies the remaining allegations in Paragraph 135.

136.    Taro admits that Plaintiffs purport to quote from an earnings call held by Taro Pharmaceutical Industries Ltd. on November 10, 2014, but denies that Plaintiffs accurately and/or completely quote from that call.  Taro further states that the earnings call transcript speaks for itself.  Taro Pharmaceuticals U.S.A., Inc. denies the remaining allegations in Paragraph 136.

137.    Taro admits that Plaintiffs purport to quote from an earnings call held by Taro Pharmaceutical Industries Ltd. on May 27, 2016, but denies that Plaintiffs accurately and/or completely quote from that call.  Taro further states that the earnings call transcript speaks for itself.  Taro Pharmaceuticals U.S.A., Inc. denies the remaining allegations in Paragraph 137.

138.    Taro states that the referenced source speaks for itself.  Taro is without sufficient knowledge or information to admit or deny the allegations in Paragraph 138 and footnote 37 and, on that basis, denies those allegations.

139.    Taro denies the allegations in Paragraph 139.

140.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies those allegations.

141.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies those allegations.

142.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies those allegations.

143.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies those allegations.

144.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies those allegations.

145.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies those allegations.

146.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 146 and footnote 38 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 146 and footnote 38 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical

products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 146 and footnote 38, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

147.  Taro states that the referenced source speaks for itself.  The allegations in Paragraph 147 and footnote 39 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 147 and footnote 39 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 147 and footnote 39, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

148.  Taro states that the referenced source speaks for itself.  The allegations in Paragraph 148 and footnote 40 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 148 and footnote 40 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly

described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 148 and footnote 40, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

149.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 149 and footnote 41 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 149 and footnote 41 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 149 and footnote 41, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

150.    Taro admits that B. Douglas Hoey sent a letter to members of Congress dated January 8, 2014, and states that the letter speaks for itself.  The allegations in Paragraph 150 state legal conclusions to which no response is required.  To the extent a response is required, Taro

denies that the allegations in Paragraph 150 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 150, and denies those allegations.

151.   Taro admits that on October 2, 2014, Representative Elijah E. Cummings and Senator Bernie Sanders sent a letter to Dilip Shanghvi, and states that the letter speaks for itself. The allegations in Paragraph 151 and footnote 42 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 151 and footnote 42 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 151 and footnote 42, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

152.   Taro states that the referenced source speaks for itself.  The allegations in Paragraph 152 and footnote 43 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 152 and footnote 43 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph

152 and footnote 43, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

153.    Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 153 and footnotes 44 and 45 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 153 and footnotes 44 and 45 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 153 and footnotes 44 and 45, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

154.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 154 and footnote 46 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 154 and footnote 46 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 154 and footnote 46, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

155.    The allegations in Paragraph 155 state legal conclusions to which no response is required.  To the extent a response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

156.    Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 156 and footnotes 47 and 48 state legal conclusions to which no response is required. To the extent a response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156 and footnotes 47 and 48 and, on that basis, denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

157.    Taro admits that on September 8, 2016, Taro Pharmaceuticals U.S.A., Inc. received a grand jury subpoena from the Antitrust Division of the DOJ.  The remaining allegations in Paragraph 157 state legal conclusions to which no response is required. To the extent a response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

158.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 158 and footnote 49 state legal conclusions to which no response is required.  To the extent a

response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 and footnote 49 and, on that basis, denies those allegations.

159.    Taro admits that a 6-K was filed with the Securities and Exchange Commission on September 9, 2016.  Taro states that the filing speaks for itself and denies the characterization of the substance of the filing in Paragraph 159 and footnote 50.  Taro also admits an earnings call was held in November 2016, and states that the earnings call transcript speaks for itself and denies the characterization of the substance of the call in Paragraph 159 and footnote 50.  Taro denies the remaining allegations in Paragraph 159 and footnote 50.

160.    Taro states that the referenced sources speak for themselves.  Taro denies the allegations in Paragraph 160 and footnotes 51 and 52.

161.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 161 and footnotes 53 and 54 state legal conclusions to which no response is required.  To the extent a response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 161 and footnotes 53 and 54 and, on that basis, denies those allegations.

162.    The allegations in Paragraph 162 state legal conclusions to which no response is required.  To the extent the allegations relate to Taro, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies those allegations.

163.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 163 and footnotes 55, 56, 57, and 58 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

164.    The allegations in Paragraph 164 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

165.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 165 and footnote 59 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

166.    Taro admits that the Department of Justice filed Complaints in the U.S. District Court for the Eastern District of Pennsylvania and states that those Complaints speak for themselves.  The remaining allegations in Paragraph 166 state legal conclusions to which no response is required.  To the extent a response is required, Taro states that it is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 166, and, on that basis, denies those allegations.

167.    Taro admits that the Department of Justice filed Complaints in the U.S. District Court for the Eastern District of Pennsylvania and states that those Complaints speak for themselves.  Taro also admits that on January 9, 2017, a plea hearing was held in a case captioned *United States v. Glazer*, No. 2:16-cr-00506, and states that the transcript of that hearing speaks for itself.  Taro further admits that on January 9, 2017, a plea hearing was held in a case captioned *United States v. Malek*, No. 2:16-cr-00508, and states that the transcript of that hearing speaks for itself.  The remaining allegations in Paragraph 167 and footnote 60 state legal conclusions to which no response is required.  To the extent a response is required, Taro states that it is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 167 and footnote 60, and, on that basis, denies those allegations.

168.    Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 168 and footnotes 61, 62, and 63 state legal conclusions to which no response is

required.  To the extent a response is required, Taro denies the allegations in Paragraph 168 and footnotes 61, 62, and 63 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that the allegations contained in Paragraph 168 and footnotes 61, 62, and 63 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

169.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 169 and footnote 64 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 169 and footnote 64 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

170.    Taro states that the referenced sources speak for themselves.  Taro admits that the attorneys general of certain states filed a Complaint in the U.S. District Court for the District of Connecticut against certain generic pharmaceutical drug manufacturers, and states that the Complaint Paragraph 170 and footnotes 65 and 66 speaks for itself.  Taro further states that the allegations in Paragraph 170 and footnotes 65 and 66 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  The remaining allegations in Paragraph 170 and footnotes 65 and 66, state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in

Paragraph 170 and footnotes 65 and 66.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

171.    Taro states that the referenced source speaks for itself.  Taro further states that the allegations in Paragraph 171 and footnote 67 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  The remaining allegations in Paragraph 171 and footnote 67, state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 171 and footnote 67.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

172.    Taro states that the referenced sources speak for themselves.  Taro further states that the allegations in Paragraph 172 and footnote 68 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  The remaining allegations in Paragraph 172 and footnote 68 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 172 and footnote 68.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

173.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 173 and footnote 69 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 173 and footnote 69 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that

Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

174.   Taro states the referenced source speaks for itself.  The allegations in Paragraph 174 and footnote 70 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 174 and footnote 70 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

175.   Taro states that the allegations in Paragraph 175 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 175 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

## VI.    THE FLUOCINONIDE MARKET

176.   The allegations in Paragraph 176 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 176.

177.   The allegations in Paragraph 177 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations.

178.   The allegations in Paragraph 178 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations.

## VII.    CLASS ACTION ALLEGATIONS

179.    The allegations in Paragraph 179 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 179.  Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 179.

180.    The allegations in Paragraph 180 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 180.  Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 180.

181.    The allegations in Paragraph 181 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 181.  Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 181.

182.    The allegations in Paragraph 182 state legal conclusions to which no response is required.  To the extent a response is required, Taro lacks sufficient knowledge or information to admit or deny the allegations, and, on that basis, denies the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 state legal conclusions to which no response is required.  To the extent a response is required, Taro lacks sufficient knowledge or information to admit or deny the allegations, and, on that basis, denies the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 184.

185.    The allegations in Paragraph 185 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 185.

186.    The allegations in Paragraph 186 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 186.  Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 186.

187.    The allegations in Paragraph 187 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 187.  Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 187.

## VIII.   ANTITRUST INJURY

188.    The allegations in Paragraph 188 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 188.

189.    The allegations in Paragraph 189 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 189.

190.    The allegations in Paragraph 190 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 190.

191.    The allegations in Paragraph 191 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 191.

## IX.    CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

192.    Taro incorporates by reference its response to all of the allegations above.

193.    The allegations in Paragraph 193 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 193.

194.    The allegations in Paragraph 194 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 194.

195.    The allegations in Paragraph 195 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 196.

197.    The allegations in Paragraph 197 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 197.

198.    The allegations in Paragraph 198 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 198.

199.    The allegations in Paragraph 199 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 199.

200.    The allegations in Paragraph 200 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 200.

## X.    RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The Prayer for Relief states legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Plaintiffs are entitled to any of the relief sought in the Complaint.

## XI.    JURY TRIAL DEMAND

No response is required to Plaintiffs' jury demand.  To the extent a response is required, Taro denies that Plaintiffs are entitled to any of the relief they seek.

Taro denies any and all remaining allegations in the Complaint that are not expressly and specifically admitted above.

## AFFIRMATIVE DEFENSES

Without assuming any burdens that it would not otherwise bear, Taro asserts the following affirmative defenses.  Taro reserves the right to amend or supplement its Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for some or all of the claims asserted against Taro because Plaintiffs failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for some or all of the claims asserted against Taro because Plaintiffs lack standing to assert their claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct of Taro and/or have not suffered, and will not suffer, injury of the type that the relevant statutes were designed to prevent.

### FIFTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiffs' Complaint, if any, were caused, in whole or in part, by Plaintiffs' own conduct, by the conduct of persons or entities with regard to whom Plaintiffs are legally responsible, and/or by the conduct of persons or entities with regard to whom Taro is not legally responsible, and not by any alleged conduct on the part of Taro.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for damages is barred in whole or in part by Plaintiffs' failure to exercise due care to avoid, mitigate or protect against any damages allegedly sustained.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims would result in Taro paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed to Taro by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of Taro did not substantially lessen competition in any properly defined market.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Taro's actions were in the furtherance of legitimate business interests of Taro and were not part of any contract, combination, or conspiracy in restraint of trade.

## TWELFTH AFFIRMATIVE DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling

Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

Taro also reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Taro adopts by reference any additional, applicable defense pleaded by the other Defendants in this matter.

Taro, further, denies each and every allegation of Plaintiffs' Complaint except as expressly admitted or qualified above.  Taro prays that the Complaint be dismissed with prejudice, that the Court find Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Taro and against Plaintiffs, and that the Court award Taro such other relief as the Court deems just and proper.

Dated: March 15, 2019

Respectfully submitted,

*/s/ J. Douglas Baldridge*

J. Douglas Baldridge
Lisa Jose Fales
Danielle R. Foley
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4000
jbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com

Thomas J. Welling, Jr.
Benjamin P. Argyle
VENABLE LLP
1270 Avenue of the Americas
24th Floor
New York, New York 10020
(212) 307-5500
tjwelling@venable.com
bpargyle@venable.com

*Counsel for Defendant Taro*
*Pharmaceuticals U.S.A., Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 15, 2019, a copy of the foregoing Answer was served on counsel for all parties through this Court's CM/ECF System.

Dated:  March 15, 2019

　　　　　　　　　　　　　 <u>　/s/ *J. Douglas Baldridge*　　　</u>
　　　　　　　　　　　　　　J. Douglas Baldridge